```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA             :
                                     :
    - v. -                           :    Protective Order
                                     :
AMIR BRUNO ELMAANI,                  :    20 Cr. 661 (CM)
   a/k/a "Bruno Block,"              :
                                     :
            Defendant.               :
                                     :
- - - - - - - - - - - - - - - - - - x
```

The Honorable Colleen McMahon, Chief District Judge:

On the joint motion of the United States of America, by Audrey Strauss, United States Attorney, through her counsel, Margaret Graham and Drew Skinner, Assistant United States Attorneys (the "Government"), pursuant to Federal Rule of Criminal Procedure 16(d), on consent of the defendant Amir Bruno Elmaani, a/k/a "Bruno Block," through his counsel John Mitchell, Esq., and for good cause shown,

IT IS HEREBY ORDERED:

1. With the exception of otherwise publicly available documents and information, all materials, including documents and the information contained therein, electronic data, and other audio or visual materials that are provided by the Government to the defendant in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section

3500; *Brady* v. *Maryland*; or *Giglio* v. *United States*, are considered "Confidential Information."

    2.   Confidential Information disclosed to the defendant or to his counsel in this case during the course of proceedings in this action:

    a.   Shall be used by the defendant and his counsel only for purposes of defending this criminal action;

    b.   Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(c) below; and

    c.   May be disclosed by the defendant or his counsel in this action only to the following persons (hereinafter "Designated Persons"):

    i.   investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defense counsel;

    ii.   expert witnesses, investigators, advisors, consultants and vendors retained or consulted by defendant and/or his counsel in connection with this action;

    iii.   prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case; and

iv. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

3. Confidential Information disclosed to the defendant or his counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of either the conclusion of any litigation related to the above-captioned case, including direct appeal and collateral attack, or dismissal of the charges against the defendant.

4. The defendant or his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraphs 2(c)(ii)-(iv). Designated Persons shall be subject to the terms of this Order and, if they are given possession of any Confidential Information, shall sign an acknowledgment, to be retained by defense counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with any materials produced pursuant to terms of this Order. The signed acknowledgments required pursuant to this paragraph shall not be disclosed by the defense except pursuant to an order of the Court for the purpose of enforcing this Protective Order. In addition, if Confidential Information is provided to

any Designated Persons, those Designated Persons shall make reasonable efforts to return or destroy such materials as set forth in paragraph 3.

      5.   The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any district or magistrate judge of this Court for purposes of this action.

      6.   The Government may at any time during the pendency of this proceeding designate documents or materials constituting Confidential Information as "Highly Confidential," when, in the good faith determination of the Government, disclosure of such documents or materials is prohibited by statute or regulation or otherwise is not in the public interest.  The defendant and his counsel will not attach any materials designated Highly Confidential pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without either giving prior notice to the Government or seeking an Order of the Court permitting the use of the materials.

      7.   If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Confidential Information or Highly Confidential subject to the provisions of this Order, such documents, materials and information shall be considered Confidential Information or,

if so designated pursuant to paragraph 5, Highly Confidential, pending further Order of this Court.

        8. The terms of this Order shall not apply to documents, data, or information received by the defendant from a source other than Confidential Information. To the extent that the Government's discovery contains documents that are also publicly available (without fault of the defendant), nothing in this Order shall restrict the use of such publicly available documents.

9. Nothing in this Protective Order shall preclude defense counsel from entering into an agreement with the Government, and/or seeking an order from this Court, excluding certain specified discovery materials from the scope of this Protective Order.

Dated:   New York, New York
         _____, 2021

>                               _____
>                               THE HONORABLE COLLEEN MCMAHON
>                               CHIEF UNITED STATES DISTRICT JUDGE
>                               SOUTHERN DISTRICT OF NEW YORK