USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/21

Law Offices of
**JOHN W. MITCHELL**
P.O. Box 163
Bedford, New York 10506

Office: (914) 234-6260
Cell: (917) 887-7420

lawofficejwm@gmail.com
http://mitchellnylaw.com

MEMO ENDORSED

April 27, 2021

4/28/21
Ordered
5/5

[signature] Colleen McMahon

**BY ECF AND BY EMAIL**

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Amir Bruno Elmaani*, 20 Cr. 661 (CM)

Dear Judge McMahon:

  As indicated in the Government's letter of March 17, 2021 - which presented to the Court the terms and conditions agreed upon by both the government and the defense for the release of Mr. Elmaani on bail (so ordered by this Court on March 18, 2021; ECF No. 9) - one of the pre-conditions to Mr. Elmaani's release was: "A personal recognizance bond of $1,000,000, to be cosigned by two financially responsible persons, and to be secured by the following property: (i) 1792 Needy Road, Martinsburg, West Virginia (the 'West Virginia Home'), and (ii) 336 Switch Road, Hope Valley, Rhode Island (the 'Rhode Island Home')."

  While securing real property that is pledged in support of a bail bond for property located in New York state is generally accomplished merely by filing a Confession of Judgment in favor of the government, the procedures for securing real property as collateral in the states of West Virginia and Rhode Island, are considerably more complicated. Indeed, among other requirements, to effectively lien properties in West Virginia and Rhode Island, a court order is necessary in each instance.

  In order the secure the West Virginia property, one must, *inter alia*, submit an affidavit and supporting documents from the property owners which includes: (i) a legal description of the real property; (ii) a complete list of all encumbrances and liens on the real property; (iii) a current appraisal of the real property by a qualified appraiser; (iv) a waiver of inchoate rights; (v) a certification that the real property is not exempt from execution; and (vi) proof of payment of property taxes.

  The required affidavit and attendant documents are submitted herewith for the Court's review. In addition, defense counsel has prepared an order of this Court directing that the surety file a "Notice of Encumbrance" with the Berkeley County West Virginia county recorder or registrar of titles that identifies the bond as an encumbrance on the real property.

With respect to the Rhode Island property, defense counsel respectfully asks the Court to order the "Notice of Lien" (submitted herewith), which is necessary to effectuate a lien to secure a bail bond in that state.

All of the documents supplied to the Court have been previously submitted to, and approved by, government counsel. If the Court should have any questions, please have your clerk contact me.

Yours truly,

John W. Mitchell

By Email and ECF:
AUSA Drew Skinner
AUSA Margaret Graham