

**SPODEK LAW GROUP** P.C.
Treating you like family since 1976

**Todd A. Spodek, Esq.**
Direct Dial: (347) 292-8633
ts@spodeklawgroup.com

**November 14, 2022**

**BY ECF:**

Judge Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:   United States v. Amir Bruno Elmaani
>        Case No.: 20-CR-00661-1 (CM)
>        <u>Southern District of New York</u>

Dear Judge McMahon:

Please be advised that I represent **Amir Elmaani**. Mr. Elmaani respectfully submits this third request for modification of his release conditions. On <u>June 14, 2022</u> Your Honor granted Mr. Elmaani's request to remove the home detention requirement and replace it with a curfew as set by the probation department. With this request Mr. Elmaani seeks to have this curfew and location monitoring restrictions removed, as well as having his release conditions modified so he is permitted to travel up to fifty miles into Virginia or Maryland without permission and able to travel further into Virginia and Maryland with only the permission of pre-trial services, subject to all other restrictions currently in place.

Mr. Elmaani has been following his release order, which restricts his travel to the Northern District of West Virginia, as well as the Southern and Eastern Districts of New York. This has given rise to a number of restraints that have particularly impacted Mr. Elmaani including:

- Mr. Elmaani's in-law's live just over the Maryland border and he has not been able to attend regular family visits with them as had been the family's custom.
- Mr. Elmaani's primary bank account is with Bank of America and there are no branches located in the Northern District of West Virginia, forcing his wife to do all of the family's banking.
- The dealership where Mr. Elmaani purchased his car and has had it serviced for years is located outside of the Northern District of West Virginia, when the car has needed to be serviced it resulted in a protracted ordeal as Mr. Elmaani's wife

had to find time in her schedule to drop off the car, coordinate the repairs, and retrieve the car.

- The GPS monitor requires extra screening every time Mr. Elmaani must attend court, similarly additional time would be required each time he travels to New York by commercial air travel to consult with our office.

I have spoken with USPO Alicia Beasley who says that Mr. Elmaani has been in compliance with his release conditions and her office has no objection to having the curfew condition removed from Mr. Elmaani's release conditions. Pretrial's initial recommendation in Mr. Elmaani's case did not recommend any form of location monitoring or a curfew.

Ms. Beasley also informed our office that she believed, as is customary practice in the Northern District of West Virginia, that Mr. Elmaani is permitted to travel up to fifty miles into Virginia or Maryland bordering the NDWV without prior permission and travel further with only permission of pre-trial services provided he is home by curfew. We respectfully request, whether Your Honor removes the curfew and location monitoring conditions from the terms of Mr. Elmaani's release or not that Ms. Beasley's understanding of Mr. Elmaani's current travel restrictions still be confirmed by court order as Mr. Elmaani has been complying with the restrictions as written rather than Ms. Beasley's understanding of them.

I have reached out to AUSA Graham who advises that her office does not consent to the request to remove the curfew and location monitoring conditions, but her office does consent to a modification confirming Mr. Elmaani is allowed to travel up to 50 miles into Virginia and Maryland without any permission and farther into those districts with only the permission of pre-trial services provided he is home by curfew.

Thank you for your consideration.

Sincerely,

**Spodek Law Group P.C.**
/S/ Todd A. Spodek

TS/sj
cc:     All Counsel (By ECF).